**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**ANGIE MORGAN**                                                                 **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:08cv237KS-MTP**

**JOHN E. POTTER, POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE**                                     **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss or Alternatively for

Summary Judgment **[#12]**.  The court, having reviewed the motion, the response, the

briefs of counsel, the authorities cited, the pleadings and exhibits on file and being

otherwise fully advised in the premises finds that the motion to dismiss is well taken and

should be granted.  The court specifically finds as follows:


**FACTUAL BACKGROUND**

The plaintiff, Angie Morgan, was employed by the United States Postal Service

from approximately March 13, 1999 until March 7, 2008, as a rural mail carrier.  On July

15, 2006, the plaintiff alleges that she was involved in an at fault near fatal car accident

while delivering mail.  In the accident, the plaintiff alleges that she sustained a closed

head injury that left her with permanent brain damage which caused her to experience

mental impairments including the loss of the ability to recall, concentrate or reliably

accept responsibility.  She alleges that this injury made it extremely difficult for her to

handle her own affairs.

The plaintiff was removed from her position effective March 7, 2008, as a result of numerous disciplinary actions according to the defendant. The first Letter of Warning was sent to the plaintiff on June 23, 2003, for tardiness on five separate occasions. She was sent another Letter of Warning on May 19, 2006, for failure to follow instructions by continually not returning to her assigned office at a required time. On September 13, 2006, the defendant sent a letter to the plaintiff ordering her to return to work by September 15, 2006, or face termination. The plaintiff alleges that this letter was sent without giving her time to consult with a physician regarding whether she was capable of pursuing the position or identifying the job tasks of the position, both in violation of 20 C.F.R. § 10.507. However, the plaintiff returned to work on September 15 and alleges that she attempted to get the defendant to make an appropriate accommodation for her alleged disability. The defendant asserts that the plaintiff was accommodated by allowing her to work out of the Meridian office or to accept a position in the Memphis area.

The plaintiff began to miss work in early 2007 and was sent a Notification of Absence and Return to Duty Memorandum on August 23, 2007, informing her that she had been absent since May of 2007 without submitting any acceptable medical documentation to excuse her absence. This was followed by a Letter of Warning on September 13, 2007 regarding her absenteeism. On October 4, 2007, she was mailed notice of a seven day suspension (no time off). On October 30, 2007, she was mailed notice of a fourteen day suspension (no time off). Finally, the plaintiff was sent a final Notice of Removal on March 5, 2008, to be effective March 7, 2008.

The warning letters and notices sent to the plaintiff (some by certified mail)

continually requested an update on the plaintiff's medical condition and included a statement to be completed by her attending physician to document her medical condition. However, it appears that the plaintiff did not respond to any of these warnings nor did she return the physician's statement or any other documentation of her alleged medical problems.

The plaintiff prematurely filed an appeal of her removal with the Merit Systems Protection Board ("MSPB") on February 12, 2008. In her appeal, the plaintiff alleged that her removal was an act of disability discrimination by the defendant. Even though the appeal was filed prematurely, i.e., before her actual termination date, the MSPB took the case up. In an order issued on April 16, 2008, Administrative Judge Pamela B. Jackson ruled that the Merit Systems Protection Board did not have jurisdiction over the plaintiff's appeal.

The Administrative Judge first found a lack of jurisdiction over the plaintiff's restoration claim because she had in fact been restored, i.e., accommodated. The Judge concluded that the plaintiff may have had a problem with the specific relief granted in the way of restoration but that such was not an appealable claim to the MSPB under the appropriate regulations. *See* 5 C.F.R. § 7701(a), and 5 C.F.R. § 1201.56(a)(2).

As to the plaintiff's removal claim, the Judge found that the plaintiff was not a preference eligible employee under 5 U.S.C. § 7511 nor within the purview of the Postal Employees Appeal Rights Act, 39 U.S.C §1005(a). The plaintiff does not contend otherwise on this claim.

After concluding that the MSPB did not have jurisdiction over her underlying

claims, the Administrative Judge held that the MSPB could not entertain jurisdiction over the plaintiff's disability discrimination claims, citing *Langster v. Social Security Administration*, 2 M.S.P.R. 32 (1980).

After the Administrative Judge's Initial Decision, the plaintiff petitioned for review by the full Merit Systems Protection Board. On September 30, 2008, the Board issued a Final Order affirming the Administrative Judge. The Final Order contained a "Notice to the Appellant Regarding Your Further Review Rights", which advised that the next step in the MSPB appeals process was to the United States Court of Appeals for the Federal Circuit. Instead of following that procedure, the plaintiff filed the current action in this court on October 28, 2008.

The defendant has moved to dismiss alleging a lack of subject matter jurisdiction due to its assertion that the plaintiff has failed to exhaust her administrative remedies in various forums. The defendant has moved for summary judgment in the alternative on the merits of the plaintiff's claims.


**<u>STANDARD OF REVIEW</u>**

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

However, the plaintiff has asserted that failure to exhaust is not a jurisdictional

issue and that the court is obligated to consider the matter under the standard of Rule 12(b)(6). *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) and *Davis v. Potter*, 301 F. Supp.2d 850, 855 (N.D. Ill. 2004). That rule provides that dismissal is appropriate if a party fails to state a claim upon which relief can be granted. The allegations of the complaint must be accepted as true when the court considers whether the plaintiff has stated a cause of action. *See Cramer v. Skinner*, 931 F. 2d 1020 (5th Cir. 1991)(*cert. denied*, 60 U.S.L.W. 3057, 112 S. Ct. 298, 116 L. Ed. 2d 242 (1991)). Only the complaint and allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss.

The complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of his or her claims which would entitle him or her to relief. While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).


## ANALYSIS

The plaintiff has brought this action pursuant to The Rehabilitation Act, 29 U.S.C. §791. The defendant asserts that the plaintiff's lawsuit is subject to dismissal, in its entirety, for failure to exhaust administrative remedies. The plaintiff states that "jurisdiction and venue are proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3)."

However, the defendant argues, a reading of 42 U.S.C. § 2000e-5(f)(1)-(2) clearly states that the Equal Employment Opportunity Commission is the proper venue for the plaintiff to exhaust her administrative remedies before this suit could properly come before the federal district court.  According to the defendant, even if the Merit Systems Protection Board had jurisdiction over her claims, as the plaintiff still asserts, that administrative remedy would not be exhausted until the MSPB's decision was appealed to the Court of Appeals for the Federal Circuit.

The plaintiff asserts that she has adequately alleged exhaustion of her administrative remedies and that this court is the proper forum for this appeal from the MSPB over this "mixed claim."  She asserts that when an aggrieved employee brings a claim within the purview of MSPB review which contains an enumerated discrimination claim, here the Rehab Act claim, which results in a decision adverse to her, the proper route for appeal is to the district court.  She cites *Wiggins v. United States Postal Service*, 653 F.2d 219 (5th Cir. 1981) to support her contention.  *Wiggins* provides that parties alleging such claims

> may seek review of the Board's decision only by filing an action in accordance with section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c) (1976). *See* 29 U.S.C. § 794a(a)(1) (Supp. III 1979). Section 717(c) allows the aggrieved employee to file a civil action "as provided in section 2000e-5 of this title;" section 2000e-5(f)(3) places the jurisdiction of actions allowed therein in the district courts.

653 F.2d at 220.

Thus, the plaintiff is correct that this court is the appropriate forum to appeal a final decision of the MSPB which relates to a discrimination claim.  The problem in this case is that the MSPB dismissed the plaintiff's original claim for lack of jurisdiction, it

never reached the merits of her claim.  Even though the plaintiff is entitled, in an appropriate action, to a *de novo* review of a MSPB decision in this court, the court cannot manufacture jurisdiction where none exists.  Thus, the court must analyze the underlying jurisdictional issue and the proper way for the plaintiff to seek review of the defendant's decision to terminate her.

A review of the statutes at issue reveals that the Civil Service Reform Act ("CSRA") provides two paths for an aggrieved postal service employee who alleges that an adverse employment action was wholly or partly based on prohibited discrimination to seek relief.  The CSRA provides that such an aggrieved employee may either bring a "mixed complaint" before the postal service's Equal Employment Office ("EEO"), or a "mixed appeal" before the MSPB.  *See* 5 U.S.C. § 7702(a)(1) & (2); 29 C.F.R. § 1614.302(a)(1) (defining mixed case complaint); 29 C.F.R. § 1614.302(a)(2) (defining mixed appeal).

An appeal is "mixed" if the aggrieved postal worker brings an action before the MSPB alleging, wholly or in part, a claim of employment discrimination based on race, color, religion, sex, national origin, age, or handicap.  *See* 5 U.S.C. § 7702(a)(1); 29 C.F.R. § 1614.302(a)(2).  It appears to this court that such mixed complaints are filed and processed in similar fashion to standard Title VII/Rehabilitation Act complaints, with a few notable exceptions.  *See* 29 C.F.R. § 1614.302(d).  For instance, an appeal from an initial EEO determination of a mixed complaint must be made to the MSPB, rather than the EEOC.  *See* C.F.R. § 1614.302(d)(3).

In summary, an aggrieved employee may bring a "mixed appeal" before the MSPB either as a direct appeal of an adverse employment action, or as an appeal of an

EEO determination of a mixed complaint.  5 U.S.C. § 7702(a)(3); 29 C.F.R. §

1614.302(b); 5 C.F.R. § 1201.151.  Final rulings of the MSPB are appealable to the

Federal Circuit Court of Appeals except for decisions made in cases involving elements

of illegal discrimination that are judicially reviewable pursuant to §§ 7702(a)(1) & (3) of

the CSRA.  Federal Courts Improvement Act, 28 U.S.C. § 1295; Civil Service Reform

Act, 5 U.S.C. §§ 7702 & 7703(b).  "The decision of the MSPB . . . becomes judicially

reviewable in district court on the date of its issuance unless, within thirty days, the

employee petitions the Equal Opportunity Commission to consider the MSPB decision."

*Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244, 1246 (Fed.Cir.1984); 5

U.S.C. §§ 7702(a)(3)(A) & 7702(b)(1).  Further, "[o]nce a case becomes judicially

reviewable, § 7702 and § 7703(b)(2) specify that an action be filed under the

appropriate discrimination statute."  *Ballentine*, 738 F.2d at 1246.

Therefore, even though the plaintiff has the right to seek review in this court, she

is not necessarily entitled ultimately to a determination of the merits of her claim based

on the procedural posture of her case.  Specifically, prior to bringing suit under the

Rehabilitation Act and Title VII, Morgan was obliged to exhaust the administrative

remedies at her disposal.  *See Brown v. General Services Admin.*, 425 U.S. 820,

828-29, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Title VII); *Stewart v. INS*, 762 F.2d 193,

197-98 (2nd Cir.1985) (Title VII); *McGuinness v. United States Postal Serv.*, 744 F.2d

1318, 1319-20 (7th Cir.1984) (Title VII and Rehabilitation Act); *Guice-Mills v. Brown*, 882

F.Supp. 1427, 1429-30 (S.D.N.Y.1995).

The exhaustion doctrine is equally applicable to suits filed under Title VII through

the provisions of the CSRA. *See, e.g., McAdams v. Reno,* 64 F.3d 1137, 1142 (8th Cir.

1995) (holding that where a plaintiff elects to proceed with a mixed case appeal before the MSPB, she may not abandon that appeal prior to receiving a final decision). Thus, if the plaintiff had filed her suit directly under Title VII and the Rehabilitation Act, she would have been required to follow EEOC regulations, which require that an employee contact a Postal Service Equal Employment Office Counselor within 45 days of the alleged discriminatory personnel action. *See* 29 C.F.R. § 1614.105(a)(2). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

"Title VII requires that parties exhaust administrative remedies before instituting suit in federal court.*" See,* 42 U.S.C. § 2000(e-5)(f)(1). *National Association of Government Employees v. City Public Service Board of San Antonio*, 40 F. 3d 698, 711 (5th Cir. 1994). As the Fifth Circuit went on to discuss in *National Association of Government Employees;*

> It is well settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies. *Tolbert v. United States*, 916 F. 2d 245, 247-48 (5th Cir. 1990) (per curiam). We have held that "a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation *during the pendency of the case before the Commission.*'" *Sanchez v. Standard Brands Inc.*, 431 F. 2d 455, 466 (5th Cir. 1970). (emphasis added) (citation omitted).

> . . .

> "[The EEOC] charge, enlarged by only such EEOC investigation as reasonably proceeds therefrom, fixed the scope of the charging parties' subsequent right to institute a civil suit. The suit filed may encompass

only 'the discrimination stated in the charge itself, or developed in the course of a reasonable [EEOC] investigation of that charge.'" (other citations omitted).

*Id.* at 711-712.

As the Fifth Circuit has stated, "the policies underlying Title VII will best be served if, whenever possible, unlawful discrimination is attacked within the context of existing employment relationships." *Boze` v. Branstetter*, 912 F. 2d 801, 805 (5th Cir. 1990)(other citations omitted). The intent of Congress in passing Title VII was to require an exhaustion of administrative remedies to not only aid the conciliation process but also to put the employer on notice as to exactly what charges he was facing. Clearly when one has not been put on notice as to what charges are being leveled against it and has not been able to defend it in the conciliation process, Congress has decided that those charges should be excluded from civil litigation.

While Section 7702 of the CSRA was intended to preserve the rights of plaintiffs to sue under Title VII in the district courts, *See* H. Conf. R. No. 95-1717, 95th Cong., 139 (1978), reprinted in 4 U.S.C.C.A.N. at 2872, the court must determine whether the regulatory time limits for filing suit have been complied with in this case. To that end, the court will review the procedure for properly bringing a discrimination claim.

In order to timely initiate EEOC contact, a plaintiff must comply with the EEOC regulations set forth at 29 C.F.R. § 1614.105. More specifically, a federal employee claiming discrimination must contact an EEOC counselor within forty-five (45) days of the allegedly discriminatory conduct. 29 C.F.R. § 1614.105(a) (1). "The 45-day limitation period begins to run from the time the discriminatory event or personnel action occurs, not when the plaintiff discovers or can prove that a discriminatory intent

motivated the action."  *Austin v. Potter*, 2009 WL 259613 at 4 (citing *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992)).  Failing to make a claim within this period "bar[s] subsequent review of the claim in federal court, absent waiver, estoppel or equitable tolling and it is the employee's burden to establish these exceptions;" which the plaintiff has failed to do.  *See id.*  In addition, "employer action such as continuing to list a postal employee as AWOL [absent without official leave] are not 'continuing violations.'"  *Id.* (citing *Henrickson v. Potter*, 327 F.3d 444, 448 (5th Cir. 2003)).

In this case, the plaintiff states that "[t]his cause of action is based on the Agency eliminating Plaintiff's job because of her disability, and consequently firing her solely because of that disability."  Thus, the discriminatory event or personnel action would be the termination of the plaintiff's employment, which was effective March 7, 2008, putting this action well outside of the 45-day limit.

The period for initiating contact with the EEOC may be extended under certain circumstances, as provided for by 29 C.F.R. § 1614.105(a)(2).[1]  Once a claim is filed, but for whatever reason is not resolved at the pre-complaint stage, the employee is then issued notice of the right to file a formal complaint and has fifteen (15) days from receiving the notice to file a formal complaint of discrimination.  *See* 29 C.F.R. § 1614.105(d).  The plaintiff has not alleged any facts in this complaint to establish that she exhausted, or even initiated the requisite administrative remedies, however.

---

[1]  "The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission."  *Austin* at 4.

The court therefore finds that the plaintiff has failed to properly allege an exhaustion of the appropriate administrative remedies and has in fact admitted to not exhausting the only administrative route available to her, i.e., through the EEO and the EEOC before resorting to filing suit herein and while it appears that the time for doing so has expired, the court will let that issue be resolved by the EEOC in the first instance if the plaintiff chooses to pursue that route. The defendant is therefore entitled to a dismissal of this action without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#12]** is Granted and the plaintiff's Complaint is dismissed without prejudice and that all other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 30th day of September, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE